UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT GELIGA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil No. 20-11977-LTS |
| ) | |
| STEPHAN KENNEDY, ) | |
| ) | |
| Respondent. ) | |

ORDER ON MOTION TO HOLD HABEAS PETITION IN ABEYANCE (DOC. NO. 21)

March 23, 2021

SOROKIN, J.

Last fall, Robert Geliga filed a timely pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. No. 1. The petition advances two claims, both of which arise from the trial court's allegedly erroneous instructions to the jury with respect to the "deadly weapon" element of the assault-and-battery charge of which Geliga was convicted. Id. at 5, 7. In December 2020, the respondent answered the petition, Doc. No. 12, and the Court set a briefing schedule, Doc. No. 15. That schedule was later extended at Geliga's request. Doc. No. 18. Now, Geliga asks the Court to stay this action and hold his petition in abeyance to permit him "to present the unexhausted claims to a State Court in the first instance." Doc. No. 21 at 1. That request is DENIED.

Geliga's motion—which is accompanied by a short discussion of the standard governing the stay-and-abeyance procedure he seeks to invoke, id. at 3-5, and an affidavit by Geliga in support of his request, Doc. No. 21-1—does not identify the "unexhausted claims" he wishes to present to the Massachusetts courts. The two claims identified in his petition, at least to some

extent, appear to be legally and factually related to those he exhausted through counsel on his direct appeal in state court.  See Doc. No. 12-1 at 16-31, 79-88 (challenging the same jury instructions and asserting they resulted in violations of Geliga's federal and state constitutional rights); id. at 77-78 (analyzing and rejecting the challenge).  Though the respondent raises exhaustion among several potential affirmative defenses in his answer, Doc. No. 12 at 6, he has not moved for dismissal of the petition on that basis.  To the extent the claims identified in the petition are meant to encompass more than the claims Geliga exhausted in his direct appeal, nothing in the record supports a finding of good cause for Geliga's failure to exhaust such aspects of his claims.

If Geliga's motion and the supporting documents refer to claims beyond the two identified in his petition, he has not established that such claims justify a stay.  See Doc. No. 21 at 1 (referencing without elaboration "Prosecutorial Misconduct," a "violation of Brady," and "ineffective assistance of counsel"); Doc. No. 21-1 at 2 (referencing a discovery violation related to information from a confidential informant, and summarily stating Geliga "has also received evidence of a Sixth Amendment . . . Violation").  Geliga has neither sought leave to amend his petition to add such claims nor specifically identified the claims and the factual basis for them such that the Court can assess their potential merit.  And, he has not made any showing sufficient to support a finding of good cause for his failure to exhaust in state court (or present to this Court) such claims before now.  In these circumstances, the stay-and-abeyance procedure Geliga asks the Court to permit is inappropriate.  See Rhines v. Weber, 544 U.S. 269, 277 (2005); DeLong v. Dickhaut, 715 F.3d 382, 387 (1st Cir. 2013).

For the foregoing reasons, Geliga's motion (Doc. No. 21) is DENIED.  The existing briefing schedule, as previously extended, remains in effect.  Geliga's merits brief in support of

the claims identified in his petition is due <u>April 22, 2021</u>.  The respondent's merits brief opposing those claims is due sixty days after service of Geliga's brief.

                                                                           SO ORDERED.

                                                  /s/ Leo T. Sorokin
                                               United States District Judge